Appellant appeals the trial court's determination that he is a "sexual predator" pursuant to R.C. 2950.01. Although appellant challenges both the order and the law pursuant to which it was issued on several constitutional and procedural grounds, this court determines the trial court's order was appropriate; therefore, it is affirmed.
On July 11, 1986, the appellant was indicted on eight counts by the Grand Jury of Cuyahoga County.[1] Following a jury trial, appellant was found guilty on one count of rape, one count of felonious assault, and one count of kidnapping. Appellant was found not guilty on all remaining counts.[2] Additionally, the jury found that appellant did not have a firearm on or about his person or in his control.
On February 9, 1987, appellant was sentenced to imprisonment for a term of fifteen to twenty-five years (fifteen years actual) for rape with a prior aggravated felony conviction, twelve to twenty-five years of imprisonment for felonious assault with a prior felony conviction, and fifteen to twenty-five years (fifteen years actual) of imprisonment for kidnapping with a prior felony conviction.[3]
On April 16, 1997, the lower court set a hearing date for the purpose of determining whether appellant was a "sexual predator" pursuant to Amended Substitute House Bill 180 ("H.B. 180"). The trial court proceeded with the hearing on May 20, 1997.
Following the hearing, the trial court determined that appellant was a "sexual predator." On April 6, 1998, appellant filed a Motion for Delayed Appeal and Motion for Appointment of Counsel and Transcript at the State's Expense. This court granted appellant's motions.
Appellant's first, second, and fourth through tenth assignments of error state:
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ARTICLE I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ARTICLE II, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180, AS APPLIED TO APPELLANT CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ART I, SEC. 10 OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I., SEC. 9, OF THE OHIO CONSTITUTION.
This court recently addressed and rejected identical challenges to the constitutionality of R.C. Chapter 2950 on the authority ofState v. Cook (1998), 83 Ohio St.3d 404, in State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. Accordingly, appellant's first, second and fourth through tenth assignments of error are summarily overruled.[4]
Appellant's eleventh assignment of error states:
 THE TRIAL COURT ERRED IN IMPOSING REGISTRATION REQUIREMENTS UPON APPELLANT, SINCE APPELLANT WAS SENTENCED PRIOR TO THE EFFECTIVE DATE OF R.C. 2950.04, WHICH PROVIDES FOR THE MANNER OF OFFENDER REGISTRATION.
Appellant contends that pursuant to this court's decision inState v. Hooks (Dec. 18, 1997), Cuyahoga App. No. 72780, unreported, the trial court improperly applied the provisions of R.C. 2950.04 since the statute's effective date was subsequent to his sentencing.
Appellant is incorrect. This court's decision in Hooks applies only to those cases where the offense was committed prior to January 1, 1997 but the offender was sentenced during the period from January 1, 1997 to July 1, 1997. Thus, appellant's eleventh assignment of error is without merit. See, also, State v. Russell
(Apr. 8, 1999), Cuyahoga App. No. 73237, unreported.
Appellant's third assignment of error states:
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
The first issue that must be addressed is the court's Sentencing Addendum, which indicates a check mark by that portion of the form that reads, "The defendant is automatically classified as a Sexual Predator pursuant to R.C. 2950.09(A)." The transcript of the hearing reflects that the trial court properly conducted a hearing in this matter pursuant to R.C. 2950.09(C) and, based upon the evidence adduced at the hearing, determined that appellant was a sexual predator. Thus, the check mark on the Sentencing Addendum declaring appellant to be a sexual predator pursuant to R.C. 2950.09(A) is apparently in error. This court will proceed as if appellant were labeled a sexual predator pursuant to R.C. 2950.09(B), as was reflected in the court's transcript.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Appellant's conviction for rape qualifies as a "sexually oriented offense" pursuant to R.C.2950.01(D)(1); however, the second prong of the definition also must be satisfied by clear and convincing evidence. R.C.2950.09(B)(3).
In making a determination as to whether an offender is a sexual predator, therefore, a trial judge must consider all relevant factors, including, but not limited to, the factors listed in R.C. 2950.09(B)(2):
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2) does not require that each factor be met; rather, it simply requires the trial court consider those factors that are relevant. See, e.g., State v. Tracy (May 20, 1998), Summit App. No. 18623, unreported.
Moreover, the standard of "clear and convincing evidence" is the measure or degree of proof that is more than a mere "preponderance of the evidence" but not to the extent of such certainty as is required "beyond a reasonable doubt" in most criminal cases. State v. Schiebel (1990), 55 Ohio St.3d 71, 74. Clear and convincing evidence is the measure or degree of proof that produces in the mind of the trier of facts a firm belief or conviction as to the fact sought to be established. Id. In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. Id.
In this matter, the prosecutor first addressed the court and reviewed the facts of appellant's underlying conviction. On the appeal of appellant's conviction in this matter, this court adduced the following facts from the trial testimony: On May 20, 1986, the victim was in the process of packing her belongings in order to move to a new apartment when she heard a knock on her door. The victim answered the door and let the appellant into her apartment.
Appellant offered the victim a quaalude tablet, and she pretended to ingest a portion of the tablet. Appellant then grabbed the victim by the back of her hair and placed a knife to her throat and stated that he was "going to get the truth one way or another."
Appellant ordered the victim to walk into the bedroom and tied the victim's hands with a cord. He then commanded the victim to stand and cut off her clothing with a knife and threatened her with that knife. Appellant forced the victim to have intercourse, to perform oral sex and to have anal sex. Further testimony indicated that appellant forced the victim to ingest cocaine and other "unknown drugs" and to smoke marijuana. See State v. Sarli,
supra.
Addressing the factors enumerated in R.C. 2950.09(B)(2), appellant was thirty-two years of age at the time of his conviction. R.C. 2950.09(B)(2)(a). According to appellant's attorney, appellant had two previous murder convictions for which he served fifteen years. R.C. 2950.09(B)(2)(b) and(f). The victim was an adult at the time of the incident. R.C. 2950.09(B)(2)(c). The victim testified at the underlying trial that the appellant had forced her to take drugs. R.C. 2950.09(B)(2)(e). Furthermore, the victim's trial testimony indicated that appellant displayed cruelty and also made threats of cruelty. R.C. 2950.09(B)(2)(i).
The evidence submitted demonstrates that the trial court was well within its prerogatives to determine appellant is a sexual predator. R.C. 2950.01(E). State v. Cook, supra.
The transcripts of the hearing reveal the trial court considered the statutory factors prior to making its determination. As the court stated in State v. Cook, supra, at 426:
 Our review of the record persuades us that the defendant had a fair hearing, that he was ably represented by competent counsel, and that the court considered the criteria under R.C. 2950.09(B)(2), and fairly evaluated the defendant and his counsel's responses. Although the trial judge did not state that his findings were to a "clear and convincing standard," we presume that the judge followed the law. State v. Martin (1955), 164 Ohio St. 54, 59, 57 0.0. 84, 87, 128 N.E.2d 7, 12. The statute does not require the court to list the criteria, but only to "consider all relevant factors, including" the criteria in R.C. 2950.09(B)(2) in making his or her findings. We find here, from the evidence in the record, that the judge did so.
The trial court's action in this case thus had a sufficient evidentiary basis. Accordingly, appellant's third assignment of error also is overruled.
Appellant's appeal is overruled; however, since the Sentencing Addendum issued by the lower court is inconsistent with the transcript, this matter is remanded in order that the trial judge may issue a nunc pro tunc journal entry reflecting that appellant was determined to be a sexual predator pursuant to R.C.2950.09 (C), as reflected in the transcript, and not R.C.2950.09 (A), as reflected in the Sentencing Addendum.
This matter is affirmed and is remanded to the lower court for proceedings consistent with the judgment of this Opinion.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J. and ANNE L. KILBANE, J. CONCUR.
 ___________________________________ PRESIDING JUDGE KENNETH A. ROCCO
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also S.Ct.Prac.R. II, Section 2(A)(1).
[1] Count One: aggravated burglary (R.C. 2911.11) with a gun specification and an aggravated felony specification; Count Two: rape (R.C. 2907.02) with a gun specification and an aggravated felony specification; Count Three: rape (R.C. 2907.02) with a gun specification and an aggravated felony specification; Count Four: rape (R.C. 2907.02) with a gun specification and an aggravated felony specification; Count Five: rape (R.C. 2907.02) with a gun specification and an aggravated felony specification; Count Six: felonious assault (R.C. 2903.11) with a gun specification, a violence specification, and an aggravated felony specification; Count Seven: kidnapping (R.C. 2905.01) with a gun specification and an aggravated felony specification; Count Eight: having weapons while under disability (R.C. 2923.13) with a gun specification and an aggravated felony specification.
[2] Upon appellant's motion, Count Eight was severed for purposes of trial, and the aggravated felony specifications were removed from the jury's consideration. The court subsequently entered a nolle prosequi as to Count Eight.
[3] This court upheld appellant's conviction. See State v.Sarli (Mar. 3, 1988), Cuyahoga App. No. 53506, unreported. A subsequent appeal and an appeal to the Ohio Supreme Court were dismissed.
[4] Appellant's notice of supplemental authority relying onState v. Williams (Feb. 2, 1999), Lake App. No. 97-L-191, unreported, is unpersuasive.